STATE *vs.* JAMES H. SEENEY.

*Criminal Law—Bailee—Embezzlement—Bailment—What State must prove—Statute—Intent to defraud.*

1.   In order to convict a person charged under the statute with embezzlement as bailee, it must be shown that such person was the bailee of property, the subject of larceny, as described in the indictment; and also, that, as such bailee, he embezzled or fraudulently converted the same to his own use.   The intent to defraud must be proved.

2.   A bailee is one to whom personal property, the subject of larceny, is delivered under a contract of bailment; and a bailment is a delivery of such property by one person to another, to be held according to the purpose or object of the delivery, and to be returned or delivered over when that purpose is accomplished.   If the property was delivered under a contract of sale, it would not be a bailment.

3.   Embezzlement is where one fraudulently appropriates the property of another entrusted to his care, or fraudulently misapplies it instead of applying it to its proper purpose.

(*October 26, 1904.*)

LORE, C. J., and GRUBB, J., sitting.

*Herbert H. Ward,* Attorney-General, for the State.

*Thomas C. Frame, Jr.,* for the prisoner.

Court of General Sessions, Kent County, October Term, 1904.

INDICTMENT FOR EMBEZZLEMENT AS BAILEE.

The prosecuting witness, Emory Scotten, testified that in the latter part of 1902 he delivered to the prisoner, who was then a tenant on Scotten's farm in West Dover Hundred, a cart valued at about $12, which he told the prisoner he could use until he, Scotten, could find a sale for the same; that about a year and a half thereafter he learned that the prisoner had sold the cart to a Mr. Edge for $12; that the prisoner received the money for the cart, but had never accounted to the prosecuting witness for it.

The prisoner acknowledged the sale of the cart and that he had received the money for the same, but he and his three sons stated that the prosecuting witness had sold him the cart for $12, and at ths same time agreed that Seeney could pay for the same by doing certain extra work about the farm for the prosecuting witness, that such extra work had been performed by him, but there had never been a settlement between them.

GRUBB, J., charging the jury:

Gentlemen of the jury:—James H. Seeney is charged in this indictment with having as bailee of the property of Emory Scotten, embezzled or fraudulently converted the same to his own use. The indictment is framed under the following provision of a statute of this State, viz.: " That if any person, being a bailee of money or other property, the subject of larceny, shall embezzle or fraudulently convert the same to his own use he shall be deemed guilty of a misdemeanor," etc. And we will say to you that a horse cart, such as is proven in this case before you, is the subject of larceny within the meaning of this statute.

Before you can render a verdict of guilty in this case, the State must prove to you beyond a reasonable doubt, first, that James H. Seeney was the bailee of property, the subject of larceny; belonging to Emory Scotten, as charged and alleged in this indictment; and second, that as such bailee the accused embezzled or fraudulently converted the same to his own use.

A bailee is one to whom personal property, the subject of larceny, under this law of our State—which we say a horse cart is —is delivered under a contract of bailment; and a bailment is a delivery of some personal property, the subject of larceny, by one person to another, to be held according to the purpose or object of the delivery, and to be returnnd or delivered over when that purpose is accomplished. And we will say to you that the delivery under such bailment might have been either by Emory Scotten or by some person for him.

Embezzlement is where one fraudulently appropriates the property of another entrusted to his care, or fraudulently misapplies it instead of applying it to its proper purpose; and it is necessary for the State to prove that the property actually came into the custody of the defendant as bailee, and while being so in his custody as bailee, he embezzled or fraudulently misapplied or converted it to his own use. In this offense the intent to defraud, that is, the bad faith, is necessary to be shown by the State before the defendant can be found guilty. The fraudulent intent may be proved either by direct evidence or by evidence from which the fraudulent intent may be inferred.

It is admitted by the defendant that he did have the horse cart in question in his possession; but it is contended by him that he had it in his possession as the owner of it under a contract of sale between Scotten and himself, and that he did not have it in his possession, therefore, as bailee of the property but as owner of it.

We say to you that if he was the owner of the horse cart under a contract of sale of it by Emory Scotten to him, Seeney, then he was not the possessor and custodian of it under a contract of bailment. Because, if he was the owner, he could not be the bailee. So that the whole matter before you for your determination is, whether he was the owner of it as the vendee of Scotten, or whether he was the custodian of it at the time of the alleged bailment and embezzlement as the bailee of Scotten under a contract of bailment. It is a question of fact as to whether he had it under a contract of sale or a contract of bailment.

In addition to this instruction, we will add that every accused person is presumed to be innocent until he is proven to be guilty beyond a reasonable doubt. Such reasonable doubt, within the meaning of the law, is not a vague, fanciful or whimsical doubt, but a substantial doubt naturally arising out of all the evidence in the case and such a doubt as intelligent, impartial and fair-minded jurors may reasonably entertain after a careful consideration of all the relevant evidence before them.

If you find the evidence conflicting, you are to reconcile the conflicting evidence if you can.  If you cannot do so, you may believe so much of it as you consider, in view of all the circumstances before you, is entitled to credit and reject all or so much as you may deem is not entitled to credit or worthy of your belief.

With these instructions for your guidance we leave the case in your hands for your verdict.

Verdict, not guilty.